0332

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, CHESTER COUNTY DIVISION, Respondent, v. James E. DOSTER, Jacqueline Canupp Sweatt and Barbara J. Doster, a minor child under the age of fourteen (14) years, of whom Jacqueline Canupp Sweatt is Appellant.

(324 S. E. (2d) 86)

Court of Appeals

*Bruce M. Poore*, York, *for appellant.*

*Paul E. Short, Jr.*, of *Strickland, Short & Keels*, Chester, *for respondent.*

Heard May 15, 1984.

Decided Dec. 11, 1984.

SHAW, Judge:

Respondent Department of Social Services brought this action to terminate parental rights of appellant Jacqueline Canupp Sweatt to her minor daughter, Barbara J. Doster. The trial court terminated Sweatt's parental rights based on a finding the Department established by a preponderance of evidence she had abandoned Barbara. Sweatt appeals. We reverse.

This action was commenced pursuant to Section 20-7-1570(2)(a) [formerly Section 20-11-20(2)(a)], 1976 Code, based on the contention of DSS it had worked with Mrs. Sweatt for a period of at least six months but that she (1) had made no effort even with help to provide a suitable home for her daughter, (2) had shown no concern as to the welfare of her daughter, and (3) had failed to achieve a degree of personal rehabilitation as would indicate that at some future date she could provide a suitable home for her daughter.

Oddly, it was stipulated between the parties the physical and material aspects of Mrs. Sweatt's home are wholly suitable to providing a home for Barbara.

The case against Mrs. Sweatt is based entirely on the testimony of Mr. Brian Phelphs, a counselor with Episcopal Home at York, South Carolina. He testified this was his first case involving termination of parental rights. Mr. Phelphs acknowledged Mrs. Sweatt had made great efforts toward Barbara and indicated both love and concern for her daughter, but nevertheless recommended her parental rights be terminated because, in his opinion, she was not able to "fight fairly" with Barbara or to develop "age appropriate ways of relating to Barbara."

Following the filing of the trial court's order the United States Supreme Court held the burden of proof required in involuntary termination of parental rights cases is clear and convincing evidence and further held this standard must be applied in all such cases in which appeals have not been exhausted as of date of this decision. *Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982). The court invalidated a New York statute giving the state power to terminate, over parental objections, the rights of parents in their natural children upon showing by preponderant evidence the child was "permanently neglected." Neither the "preponderance of evidence" nor the "clear and convincing" standard has been met in this case. Accordingly, the judgment of the family court is reversed.

Reversed.

BELL and CURETON, JJ., concur.